# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RICKEY MARTIN,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WAFFLE HOUSE,**<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:21-cv-00332-TES** |

## ORDER DISMISSING RECAST COMPLAINT FOR FAILURE TO STATE A CLAIM

Before the Court is Plaintiff's Recast Complaint [Doc. 4] filed in compliance with the Court's previous Order [Doc. 3]. The Court has reviewed the Recast Complaint, liberally construed Plaintiff's allegations, and finds that it fails to state a plausible claim upon which relief may be granted. As such, this action is **DISMISSED**.

## BACKGROUND

The Court previously granted Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2], and conducted the requisite preliminary screening of his original Complaint pursuant to 28 U.S.C. § 1915(e). Upon screening his original Complaint, the Court found that Plaintiff failed to plead sufficient facts to state a claim for discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a). *See* [Doc. 3]. As a result, the Court ordered Plaintiff to recast his original Complaint to include factual allegations

sufficient to state a plausible claim for relief under the statute. [*Id.*]. In its Order, the Court listed the requisite elements of a prima facie claim for a traditional failure-to-hire claim in order to provide guideposts for Plaintiff. Specifically, the Court instructed Plaintiff to recast and show "(1) whether someone outside his protected class (a woman) was hired for the position he sought, and (2) whether Waffle House's failure to hire Plaintiff was due to his sex." [Doc. 3, p. 9]. Plaintiff filed his Recast Complaint [Doc. 4], which the Court must now evaluate under 28 U.S.C. § 1915(e).

## **DISCUSSION**

Upon granting a plaintiff permission to proceed *in forma pauperis* ("IFP"), a court must screen and "shall dismiss" any action that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). "The statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To survive screening under 28 U.S.C. § 1915(e), a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "This plausibility standard is met 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

*Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Ashcroft*, 556 U.S. at 678).

While Plaintiff need not make out a prima facie case at the pleading stage, he must plead enough facts to show that his claim is plausible. *See Surtain*, 789 F.3d at 1246 ("[T]he correct inquiry in the context of a [motion to dismiss] is whether the plaintiff has alleged sufficient facts to state a plausible claim for relief"). Plaintiff maintains that after applying to Waffle House, "[he] was told by the HR department that [he] was on a do not hire list." [Doc. 4, p. 1]. Plaintiff further alleges that his presence on the do not hire list is due to false accusations of sexual harassment made by a female server 15 years earlier. [*Id.*]. Plaintiff then alleges, without pleading any supporting facts, that he was placed on the "do not hire list base [sic] on sex and not [hired] bases [sic] on sex." [*Id.*].

These threadbare conclusions and allegations do not sufficiently state a claim. From the limited facts provided, the Court cannot infer that Waffle House discriminated against Plaintiff. Plaintiff does not allege any facts showing that only males get placed on the do not hire list. He does not allege that only men get falsely accused of sexual harassment while working for Waffle House. He does not allege any facts from which the Court could conclude that Waffle House failed to hire him because he was a man. And while he is not required to include this, the Court notes that Plaintiff has not alleged that a woman was offered and accepted the job for which he applied. The Court can only infer that Plaintiff was placed on a do not hire list by Waffle House

following allegedly false accusations by another employee 15 years earlier—while that may have been an administrative oversight, it alone does not constitute discrimination in violation of Title VII.

## CONCLUSION

As such, Plaintiff's Recast Complaint [Doc. 4] fails to state a plausible claim upon which relief may be granted and it is **DISMISSED**.

**SO ORDERED**, this 5th day of October, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**